UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID E. MORRIS SR ENTERPRISES, LLC
d/b/a DAVID MORRIS AVIATION                                                                  PLAINTIFF

v.                                         No. 2:24-CV-2087

SARASOTA AVIONICS, INC.                                                                        DEFENDANT

**OPINION AND ORDER**

Before the Court is Plaintiff David E. Morris Sr Enterprises, LLC's ("David Morris") motion (Doc. 10) to remand and stay proceedings. David Morris also filed a brief in support (Doc. 11). Defendant Sarasota Avionics, Inc. responded (Doc. 18) in opposition and filed a brief (Doc. 19) and exhibits (Doc. 20) in support. David Morris replied (Doc. 23). For the reasons stated below, the motion will be GRANTED.

According to the complaint, Sarasota agreed to perform maintenance on a plane owned by David Morris. (Doc. 4, p. 3). While the plane was in Sarasota's control, Sarasota allegedly damaged the plane's hot plate and windshield. *Id.* at 3–4. A hot plate prevents a plane's windshield from icing during freezing rain. *Id.* at 2. Because of the damage, David Morris alleges the plane is no longer airworthy and is no longer a "known-ice" plane. *Id.* at 4. The "known-ice" designation applies to a plane which has a hot plate that prevents ice buildup on the windshield. *Id.* at 2, 4.

David Morris sued Sarasota in Arkansas state court for breach of contract, negligence, and breach of the implied warranty of fitness for a particular purpose. (Doc. 4, pp. 5–6). Sarasota removed the case to this Court, asserting there was complete diversity of citizenship and the amount in controversy exceeded $75,000. (Doc. 2, p. 1). David Morris now moves to remand the case to state court, arguing Sarasota has not satisfied its burden to prove the amount in controversy

1

is sufficient for federal jurisdiction. David Morris requests remand and an award of attorney's fees. (Doc. 10).

## I. Legal Standard

Federal courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1). When a defendant removes a case based on diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. . . ." *Id.* § 1446(c)(2). However, when the parties dispute that amount, "'[r]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017) (quotation omitted); *see also Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018 (8th Cir. 2010). In determining the amount in controversy, the Court looks first to the complaint and the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." *See McClendon v. Chubb Corp.*, 2011 WL 3555649 at *2 (W.D. Ark. Aug. 11, 2011). Jurisdiction is determined at the time of removal. *See Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012). Any doubts about jurisdiction must be resolved in favor of remand. *Usery*, 606 F.3d at 1020.

## II. Analysis

David Morris seeks a money judgment "in an amount not in excess of $75,000, exclusive of interest and costs, prejudgment interest . . ., an award of attorney's fees and costs, and post-judgment interest. . . ." (Doc. 4, p. 7). David Morris seeks "all available damages for [Sarasota's] negligent acts, including but not limited to replacement costs of broken Plane components and re-

work expenses incurred by [David Morris] due to [Sarasota's] negligence." *Id.* at 6. David Morris also seeks damages for Sarasota's alleged breach of contract. *Id.* at 5. Nowhere in its complaint does David Morris allege a specific sum sought. Therefore, the Court does not consider David Morris to be asking for "a money judgment for a sum certain," so the Court must consider the parties' arguments and evidence regarding the amount in controversy. *See Usery*, 606 F.3d at 1018 (a case where the plaintiff does not request a sum certain requires the court to determine whether the controversy "exceeds the . . . value of $75,000).

Sarasota does not point to a specific amount in controversy over $75,000. Instead, Sarasota offers two arguments. First, Sarasota argues that adding statutory attorney's fees to the claimed damages pushes the amount in controversy over $75,000. Second, Sarasota argues David Morris could be awarded statutory loss-of-use damages in addition to those awarded for the damaged plane components. As discussed above, Sarasota must establish the amount in controversy by the preponderance of the evidence "with 'specific factual allegations . . . combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations.'" *Waters*, 873 F.3d at 636 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753–54 (11th Cir. 2010)). The Court concludes Sarasota has not met that burden.

First, even if statutory attorney's fees would be awarded, the evidence Sarasota presents does not establish the required amount in controversy. Sarasota is correct that statutory attorney's fees count toward the amount-in-controversy requirement. *Peterson v. The Travelers Indemnity Co.*, 867 F.3d 992, 995 (8th Cir. 2017) (citation omitted).[1] Sarasota argues David Morris could be awarded attorney's fees if it succeeds on its breach of contract claim. Sarasota states that

---

[1] Arkansas law permits attorney's fees for prevailing parties on breach of contract claims. Ark. Code Ann. § 16-22-308.

3

Sarasota's invoices for the work completed constitute the contract between the parties.  *See* Doc. 20-1.  These invoices total $49,255.39.  *Id.*  Sarasota argues that the Court could apply a 40% contingency fee multiplier for attorney's fees as courts have done previously in this district when considering removal motions.  *See, e.g.*, *Moore v. BancorpSouth Bank*, 2020 WL 3843920, at *2 (W.D. Ark. July 8, 2020).  David Morris distinguishes *Moore* because the plaintiffs there specifically asked for $57,057.45 in damages, which, after adding a hypothetical 40% contingency fee award, resulted in an amount in controversy over the minimum.  Here, David Morris argues it is seeking damages for only the damaged hot plate and windshield, which its demand letter lists as a total of $23,398.70, excluding labor.  *See* Doc. 20-2, pp. 6–7. In any event, even if a fact finder awarded the total invoiced amount as Sarasota suggests, adding a 40% attorney's fee would only increase the amount in controversy to $68,957.55, which is still below the jurisdictional amount.  On this record, Sarasota has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Second, Sarasota argues that David Morris could be awarded statutory loss-of-use damages in addition to those awarded for the damaged plane components.  This argument runs ramrod into two countervailing principles.  First, the plaintiff is the master of the complaint.  *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).  David Morris's complaint does not state it is seeking loss-of-use damages.  The closest the Court can find is David Morris's allegation that "[t]he Plane is grounded until its windshield is replaced."  (Doc. 4, p. 6).  However, David Morris did not specifically ask for any loss-of-use damages.  To the extent Sarasota argues that loss-of-use damages would apply, Sarasota has offered no evidence as to what the loss of use damages would be.  This leads to the second countervailing principle: "the amount in controversy is not established by a preponderance of the evidence if a court must resort 'to conjecture, speculation, or star

gazing.'" *Waters*, 873 F.3d at 636 (quotation omitted). Without evidence about the possible amount of loss-of-use damages, the Court is left to speculate about the amount of those damages. Because the Court cannot speculate as to loss-of-use damages, the Court rejects Sarasota's loss-of-use argument.

Sarasota is the party invoking federal jurisdiction, but Sarasota has not proved by a preponderance of the evidence the amount in controversy exceeds $75,000. Sarasota's arguments presented some close calls, but any doubts about jurisdiction must be resolved in favor of remand. *Usery*, 606 F.3d at 1020. Therefore, the Court will remand this action. However, because Sarasota's arguments were objectively reasonable, the Court will not award David Morris fees under 28 U.S.C. § 1447(c). *See Convent Corp. v. City of N. Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015) ("[W]hen an objectively reasonable basis [for removal] exists, fees should be denied.").

### III. Conclusion

IT IS THEREFORE ORDERED that Plaintiff David Morris's motion to remand (Doc. 10) is GRANTED, and the case is remanded to the Circuit Court of Franklin County, Arkansas.

IT IS FURTHER ORDERED David Morris's request for attorney's fees associated with the motion to remand is DENIED.

IT IS SO ORDERED this 6th day of August, 2024.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE